**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Corey M. Nelson, Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2024-000816

───────────────

Appeal From Richland County
M. Scott Rankin, Family Court Judge

───────────────

Unpublished Opinion No. 2024-UP-413
Submitted December 4, 2024 – Filed December 6, 2024

───────────────

**AFFIRMED**

───────────────

Nancy Carol Fennell, of Irmo, for Appellant.

Becky M. Farmer, of South Carolina Department of Social Services, of Columbia, for Respondent.

Cecelia Ann Clark-Donato, of Richland County CASA, of Columbia, for the Guardian ad Litem.

───────────────

**PER CURIAM:** Corey M. Nelson appeals a permanency planning order concerning her two minor children (Children) in which the family court awarded permanent custody of Child 1 to her father (Father) and stepmother (Stepmother); dismissed Child 1, Father, and Stepmother from the case; ordered the South Carolina Department of Social Services (DSS) to maintain custody of Child 2 while pursing relative placement for her; ordered Father, Stepmother, and DSS to supervise all visitation between Mother and Children; and allowed DSS to forego further reunification efforts. *See* S.C. Code Ann. § 63-7-1700 (Supp. 2024) (pertaining to permanency planning); § 63-7-1700(G)(1) (stating the family court may award custody to a fit and willing relative when a child cannot safely be returned to his or her parents and termination of parental rights is not in the child's best interest); S.C. Code Ann. § 63-7-1640(C) (Supp. 2024) (setting forth situations in which a family court may authorize DSS to forego reasonable efforts at family reunification). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.[1] Accordingly, we affirm the family court's ruling.

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and HEWITT, JJ., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.